Case number 16-7026, DaVinci Salah Hourani, also known as DaVinci Hourani Appellant, v. Psybersolutions LLC et al. Mr. Edelson for the Appellant, Mr. DiVincenzo for the Appellant. Your Honors, may it please the Court, my name is Lew Edelson and I represent DaVinci Salah Hourani. This case is based on an investigation that took place in London of some demonstrations that took place in front of my client's brother's home, where he also lives from time to time, and also in front of the Lebanese Embassy. In those demonstrations, our client's pictures were held up and they were depicted as murderers, as you know from the briefs. Our argument here is that these individuals, the defendants here, are themselves liable. There's a lot of other information in this case from other cases, from newspaper clippings, that were submitted by the defendants in the underlying action and relied on heavily by the District Court to show that our client was a public figure and this was all newsworthy information. We maintain and try to focus this on what really happened here, which is people were hired to demonstrate in front of our client's home and in front of the Embassy to hold him up to ridicule and scorn. I want to focus on what we think this was done for, which was not to defame him, because I don't think the people in the community in Loudoun Square or in the Embassy know who DaVinci Hourani is or would care, but what they do know is that somebody was standing in front of the Embassy and in front of this building holding a picture of him saying he's a murderer. They also did something in his home in Virginia one evening on Halloween, hung things from their house and said that they were involved in a murder. So the focus is that these are agents of an undisclosed principle. We don't know who that principle is. We suspect we know who it is. What is your legal argument? Excuse me? What is your legal argument? My legal argument is that this is an intentional tort committed by agents of an undisclosed principle, and the law is well settled that they should be independently liable of the principle. My logic and basic argument was that your client was not a limited public figure. Well, Your Honor, I don't believe that the First Amendment has anything to do with this, because the allegation… I know. Your first argument is if you're paid for a demonstration, you're not covered by the First Amendment. Well, I think it's a little more, Your Honor, I think that we're really arguing is that not only were they paid, they didn't even know what they were doing. Why don't you focus on what you think the major defects are in the district court's decision since that's what we're reviewing? Well, I think the defects are that, and I'm glad you brought that up, Your Honor, because… I mean, that's your case, isn't it? Yes, it is. Okay, well, why don't you focus on that? That's where my beef is. I think the district court focused entirely on things outside of what the record really should be. I know there's plenty of case law that says that you can rely on other proceedings and take judicial notice of articles for the fact of what they've said, but that's not really the point here. This case is about these individuals not knowing who they were defaming and hurting with these remarks, deciding that they were going to do this, and instead it turns into a First Amendment case where he's supposed to defend that he's not a limited public defender. In other words, your only argument with the district judge, who I get it, is that she thought the First Amendment applied and you did not? Well, I know I had a lot of other arguments with her. Well, that's exactly what Judge Tatel asked you. What are your legal arguments? Okay, my other legal arguments are that I think D.C. law should apply. I think this is a fairly novel issue. I think that the IP address or file server, the actual PC or laptop that was used for this, is in the district. CyberSettle owns that device. Allison Blair operated. Thompson also was involved in the operation of it. We all know you can operate computers remotely. What determination of the district court are you challenging? That determination that Virginia law applies, because Virginia law has certain unfaithfulness. They don't allow false light. They also have a pleading issue there that under a case called Russo v. White, they say that you have to plead that you were in the hospital or missed time at work or something to say that you suffered intentional emotional distress. I did see that. Is there anything else you challenge the district court? I challenge her general concept of the First Amendment also. That's what I thought. Yes, I think that on the assuming that he's a limited public figure, and let me address that. Let me just go back to that real quick. Okay. On the limited public figure, you say in your brief that the district court went beyond the four corners of the complaint. Correct? Yes. And you say a motion to submiss on 12B6 must rely solely on matters within the complaint. Right? That's what you say at page 17, I think. Yes, I do say that. Okay, but that's not actually true because district court could rely, for example, on materials outside the complaint that the district court could take judicial notice of. Correct? Yes. Okay. But you don't argue in your brief anywhere that the district court failed, that the district court violated Rule 201 that allows courts to take judicial notice of things. In other words, you don't argue that the materials the district court relied on were not matters she could take judicial notice of. No, I'm not arguing that, Your Honor. I'm really arguing that she should have relied solely on the allegations of the complaint because that's what's material here. All right, good. Then why don't we answer Judge Sotomayor's question. I don't understand. Your answer to Judge Table was you're not contesting that she should not have relied on matters that she could take judicial notice of. I'm saying she can take judicial notice of them, but I'm saying they're not related to the things that are alleged in the complaint. The things that are alleged in the complaint have to do with the actions of these individuals themselves. Those are other matters. She, the judge, imported them into this case. That goes to the question of whether your client was a limited public figure, right? So you can see, I gather, that your client was a limited public figure. Well, I wondered if I can address that. I don't really think he is. He is mentioned in the closest it comes to, he's mentioned in a couple of New York Times articles about the expropriation in Kazakhstan. But other than that, there's no mention of anything. The district judge made several points. Did she not, as to her conclusion, as to the proposition that your client was a limited public figure? Yes, and they were all based on his relationship with Aliyev, who was the son-in-law of President. And she said you did not deny any of those. Is that correct? I can't deny those. They're all true. He is the brother-in-law, yes. I'm sorry. All the statements she made, it was in a footnote, wasn't it? All the statements she made were correct? As far as we know from articles and details. So in other words, you're not arguing that your client was not a limited public figure? Yes, I am, Your Honor, because I'm saying, because those weren't about him. Those were about his brother-in-law. Well, he owned the apartment, didn't he? He did. Well, wasn't that enough to put him in the mess? I don't believe it was, Your Honor. Wasn't it a law? Wouldn't we have case law on that? I don't think that that was enough to mention. In other words, you don't deny any of the matters that she regarded as facts that she drew from other proceedings? I can't deny them, no. I don't deny them, Your Honor. As far as I'm concerned, that's the end of the case. Well, if it's the end of the case, Your Honor, then I also say that there was actual malice here, and that was an argument that's another thing that she took as true, that it wasn't alleged. And I said that they had no idea who these people were, and she confirmed it in her opinion. She says it. We're in the complaint. Read us the we're in the complaint. You think he alleges actual malice. We're in the complaint? Yeah. Yeah. Tell us your best placing. On count three, it's A18 in the record, and I say that we don't have to prove it, but we say that even though he's not a public figure, actual malice is established by their intentional, reckless, unfounded publication on the Internet of videos and photographs on various websites and Twitter, which were intended to make the plaintiff appear odious, infamous, or ridiculous. And somebody doing that, Your Honor, I searched long and hard to see if I could find a single tort case involving people, intentional motion of infliction and distress, where the people did not know who they were. For example, the gay soldier that went to the Supreme Court at his funeral, the people demonstrating. They knew who the guy was. They had a cause. They were espousing it. So is your proposition of law, if I'm paid to march around the courthouse saying Judge Tatel is corrupt, or just maybe just a bad judge, if I'm paid but I don't even know Judge Tatel, I don't have any first amendment protection, is that true? I am saying that, Your Honor. And, for example, there are demonstrators far higher. Is there any case that ever so held? Well, I think the Gertz case essentially says that. No, I don't think so. Well, I can quote it for you, Your Honor. It talks about the idea that this is not public speech. Okay. In other words, Your Honor, I wanted to go through one thing. For example, labor people hire people. Your time is up. You can take it. I just wanted to say that people are hired, union people hire people to demonstrate, but they know what they're demonstrating for. These people were hired, had no idea what they were doing. All right. We'll hear from the other side. Good morning, Your Honors. I represent Appellees, Cyber Solutions, Alison Blair, Alistair Thompson, and Brian McCarthy. This case arises from a plowman's claims of defamation, intentional inflection of emotional distress, and false slay related to demonstrations in London and videos and statements placed on various social media sites, Twitter, Facebook, and a website entitled Justice for Novikova. Anastasia Novikova died when she fell to her death from an apartment building complex owned by appellant. That's not in dispute. In 2012, a criminal complaint was filed by the government of Kazakhstan alleging appellant was involved in the torture and murder of Ms. Novikova. 2012 was prior to any of the statements made, the alleged defamatory statements made, prior to the demonstrations. The district court properly dismissed the complaint against two of the appellees, Mr. Thompson and McCarthy, based on lack of personal jurisdiction, and it dismissed the rest of the allegations for failure to state a complaint. And I'm only going to address two issues here. First, with respect to Virginia law, whether the district court erred in applying Virginia substantive law, and second, with respect to intentional inflection of emotional distress, whether a conclusionary allegation is sufficient. On Virginia substantive law, the appellant's opening brief does not assert that the district court erred in applying Virginia substantive law. It was one of the five issues that they raised in their statements of issues to be raised, but in their actual brief, they only addressed four of those issues. As the issue of whether the district court erred in applying Virginia substantive law was not addressed in their opening brief, it has been waived or deemed conceded. With respect to my second point on intentional inflection of emotional distress, the appellant's complaint only alleges it in a conclusory fashion. The cases relied on by both parties recognize that Virginia substantive law requires more. The cases relied on by both parties recognize that the pleading standard in the state of Virginia, as well as the federal pleading standard, requires more than a conclusory allegation of severe emotional distress. Both parties' cases, the Fuller case, which we relied on, they relied primarily on a Faulkner decision saying the federal pleading standard should apply, but in the Faulkner case, just like in the Fuller case, there were real substantive allegations. There's no such allegations here. And just briefly, on the issue of malice, in light of the fact that he was actually accused by the government of Kazakhstan of murder and torture of a young woman, we don't think it should be in dispute that he was a limited purpose public figure because that's a matter of public concern. And on the issue of whether malice can just be pled conclusorially, just state the standard as they did in the complaint, the case we rely on, Beeson, in our briefs, says it can. It relies on a Fourth Circuit case. In Michael V. NYP Holdings, it's an Eleventh Circuit case, 816 F. 3rd, 686. That case recognized that every circuit that has considered the issue has found that allegations of malice requires more than conclusory allegations. So that's your answer to your colleague on the other side, pointed to paragraph 73 of the complaint as the one where actual malice was alleged. Your response is that's conclusory. Yeah. Yeah, it doesn't allege facts that would allow one to draw a plausible conclusion under St. Amant v. Thompson that there must be sufficient evidence to permit the conclusion that the defendant, in fact, entertained serious doubts as to the truth of the publication, and there are no facts alleged in the complaint that would allow one to draw that reasonable conclusion. Thank you, Your Honor. Thank you. Mr. Adolphson, you used up all your time. Do you have anything you want to say? You can have one minute if you'd like to respond to what we just heard. Judge Silberman, I'd like to just respond to what you said on page 30 in my brief, and I don't want to read the whole thing. I have a quote from Gertz v. Robert Welch, and it says that there's no constitutional value in false statements of fact, and it says they belong to a category of utterances which are no essential part of any exposition of ideas, and that's what I'm talking about right here, Your Honor. Thank you. Thank you. The case is submitted.
judges: Tatel, Srinivasan, Silberman